IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN L. McCOY
# 07710-025,

Petitioner,

vs.

WILLIAM TRUE,

Respondent.                                   Case No. 17-cv-657-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Steven McCoy is currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"). He filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in order to challenge his enhanced sentence as a career offender based on two convictions for unlawful delivery of a controlled substance and one conviction for robbery in Illinois. (Doc. 1).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

I.  **Background**

In June 2007, McCoy pled guilty pursuant to a written plea agreement to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. *See United States v. McCoy*, No. 07-cr-30012-MJR (S.D. Ill.) ("criminal case") (Doc. 37). The United States District Court for the Southern District of Illinois sentenced him as a career offender to a term of 200 months to run consecutively to two sentences he received in state court[1] and was already serving. (Doc. 40, criminal case). Judgment was entered on October 5, 2007. (Doc. 41, criminal case). McCoy did not file a direct appeal. (Doc. 1, p. 2, instant case).

On June 13, 2016, McCoy filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *McCoy v. United States*, No. 16-cv-00631-MJR (S.D. Ill. 2016) ("collateral attack"). McCoy challenged his sentence based on the United States Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), which found the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") unconstitutionally vague, and *Welch v. United States*, -- U.S. --, 136 S.Ct. 1257 (2016), which held that *Johnson* was retroactively applicable to cases on collateral review. The Court denied the § 2255 motion on April 4, 2017, after determining that a waiver contained in McCoy's written plea agreement prevented him from pursuing the collateral attack. (Doc. 10, pp. 5-6, collateral attack). The Court went on to find, in the alternative, that *Johnson* had no effect on McCoy's status as a career offender. (Doc. 10, pp. 6-10, collateral attack).

---

[1] St. Clair County Case Nos. 03-CF-1415 and 04-CF-1179

## II. The Petition

In the instant § 2241 Petition, McCoy challenges his sentence as a career offender in light of *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). (Docs. 1, 1-1). McCoy argues that *Mathis* invalidates two or more of the prior state convictions used to enhance his sentence as a career offender, including his two Illinois convictions for unlawful delivery of a controlled substance and/or his Illinois conviction for robbery. (Doc. 1-1, p. 4). McCoy claims that he will suffer a miscarriage of justice if he is required to serve the sentence that was imposed against him as a career offender. *Id*. He asserts that his written plea agreement authorizes the instant challenge to his sentence, and he asks this Court to resentence him without the career offender status. (Doc. 1-1, p. 9).

## III. Discussion

Sections 2241 and 2255 provide federal prisoners with "distinct forms of collateral relief." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citations omitted). Section 2241 applies to "challenges to the fact or duration of confinement," and § 2255 applies to "challenges to the validity of convictions and sentences." *Id*. McCoy is challenging his sentence as a career offender. (Doc. 1).

Ordinarily, a federally convicted person may challenge his conviction and sentence by bringing a motion to vacate, set aside, or correct sentence under § 2255 before the sentencing court, and this remedy normally supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). However, the number of

collateral attacks that a prisoner may bring is limited. McCoy has already filed one § 2255 motion. *McCoy v. United States*, No. 16-cv-00631-MJR (S.D. Ill. 2016).

A second or successive § 2255 motion is not authorized, unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Court of Appeals has not authorized McCoy to file a second or successive § 2255 motion on either ground.

Section 2255 contains a "savings clause," which allows a federal prisoner to file a § 2241 petition, if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that "[a] procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to invoke the "savings clause" under § 2255(e) and obtain collateral relief under § 2241, three requirements must be met. First, the petitioner must show

that he relies on a new case of statutory interpretation rather than a constitutional decision. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* the case must apply retroactively. Third, he must demonstrate that there was a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id.*; *Brown v. Caraway*, 719 F.3d at 586; *Brown v. Rios*, 696 F.3d at 640; *Hill*, 695 F.3d at 645.

In his § 2241 Petition, McCoy challenges his enhanced sentence as a career offender based on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). More specifically, McCoy argues that his Illinois drug convictions should not have been counted as a "controlled substance offense," and his Illinois robbery conviction should not have been counted as a "crime of violence" under the United States Sentencing Guidelines. *See* U.S.S.G. § 4B1.1(a).

*Mathis* addresses the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Supreme Court in *Mathis* set forth the test that should be applied when determining whether a state conviction falls within the clause. McCoy argues that this test also renders his sentence as a career offender under the Guidelines invalid. (Docs. 1, 1-1).

The first *Davenport* requirement is satisfied because *Mathis* is a "new" statutory interpretation case. *See Dawkins*, 829 F.3d at 551 (*Mathis* "is a case of statutory interpretation."); *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept.

5

20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). The second *Davenport* requirement is also satisfied for screening purposes. *Mathis* is a substantive rule, and controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *Id.*; *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). *See also Dawkins*, 829 F.3d at 551 (claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241"). *But see Street v. Williams*, No. 17-cv-364-bbc, 2017 WL 3588651 (W.D. Wis. dismissed August 18, 2017) (dismissing § 2241 petition brought pursuant to *Mathis* for failure to satisfy second *Davenport* requirement); *Neff v. Williams*, No. 16-cv-749-bbc, 2017 WL 3575255 (W.D. Wis. dismissed August 17, 2017) (same); *Van Cannon v. United States*, No. 16-cv-433-bbc and 08-c5-185-bbc (W.D. Wis. dismissed July 10, 2017) (same). Finally, the alleged increase in McCoy's sentence resulting from his status as a career offender could amount to a miscarriage of justice.

The § 2241 Petition facially satisfies the *Davenport* requirements. A response shall therefore be ordered. With that said, whether *Mathis* applies to McCoy's sentence is not clear because the sentence enhancement was based on the advisory sentencing guidelines and not the ACCA. *See Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). The Supreme Court's decision in *Mathis* dealt with the ACCA. *United States v. Hinkle*, 832 F.3d 569, 574 (7th Cir. 2016). The Supreme Court has held that the residual clause in U.S.S.G. § 4B1.2(a) was

6

not subject to a vagueness challenge, distinguishing sentences imposed under the advisory sentencing guidelines from sentences imposed under the residual clause of the ACCA. *Beckles v. United States*, -- U.S. --, 137 S.Ct. 886 (March 6, 2017) (distinguishing *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)). But because the impact of *Mathis* is not yet clear and the record before this Court is not fully developed, it is not plainly apparent that relief is unwarranted. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

## IV. Pending Motion

The Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

## V. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS ORDERED** that Respondent Warden William True shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before September 27, 2017).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

7

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings and for disposition.

**IT IS ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge **Proud** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.28 14:29:15 -05'00'

**United States District Court Judge**