IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN L. MCCOY

        Petitioner,

vs.                                  Civil No. 17-cv-00657-DRH-CJP

WILLIAM TRUE, WARDEN

        Respondent.

## AMENDED MEMORANDUM and ORDER

The Court docketed a Memorandum and Order on January 9, 2018 which contained a scrivener's error. Doc. 13. This order replaces the previous order, which is hereby vacated.

Petitioner Steven L. McCoy (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. (Doc. 1).[1] He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Id.* Now before the Court is Respondent's Motion to Dismiss. (Doc. 11). Petitioner did not file a responsive pleading. For the following reasons, Petitioner's petition for habeas relief is denied.

## Relevant Facts and Procedural History

In 2007, Petitioner executed a plea agreement and pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). *United*

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF filing system.

States v. McCoy, Case No. 07-CR-30012-MJR (S.D. IL) (hereinafter criminal case) (Doc. 37). The U.S. District Court for the Southern District of Illinois categorized Petitioner as a career offender based on his prior state felony convictions for unlawful possession of cannabis with intent to deliver, unlawful delivery of a controlled substance, and robbery. (Doc. 37, p. 8, criminal case). The Court sentenced Petitioner to 200 months imprisonment to run consecutive to two state court sentences he was already serving.[2] (Doc. 40, criminal case).

Petitioner's plea agreement contains provisions waiving his right to appeal:

1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial.

2. The Defendant is aware that Tile 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court . . .

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission . . .

(Doc. 37, pp. 10-11, criminal case).

## Applicable Law

---

[2] St. Clair County, IL Case Nos. 03-CF-1415 and 04-CF-1179

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Petitioner argues that his prior state convictions do not qualify as violent offenses or controlled substance offenses for purposes of the career offender enhancement under U.S.S.G. § 4B1.2. It is unnecessary to consider the substantive merits of his argument because the appeal waiver bars this collateral attack.

A plea agreement may include a valid waiver of the right to appeal and file a collateral attack, and such waivers are generally enforceable. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Limited exceptions arise when the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).

## *Analysis*

Petitioner asserts his appeals waiver is not applicable to his claims; dismissing his petition would result in a miscarriage of justice; and he did not knowingly enter into the plea agreement.

### 1. *Exceptions Contained in the Plea Agreement*

Petitioner first argues the appeal waiver does not bar his petition because of the following provision in his plea agreement:

> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments

which are made retroactive by the United States Sentencing Commission . . . .

(Doc. 37, pp. 10-11, criminal case).

Petitioner argues *Mathis* renders him "actually innocent of the charge[]" of being a career offender under U.S.S.G. § 4B1.1. Contrary to this assertion, the career offender designation is not a "charge," but a sentence enhancement. Rather, the charge contained in the plea agreement is possession with intent to distribute cocaine base, (Doc. 37, p. 5, criminal case), and *Mathis* does not absolve him of that crime.

Petitioner's second argument is also unavailing because *Mathis* did not amend the sentencing guidelines. *Mathis* is a statutory construction case that determined what constitutes a "violent felony" for purposes of a sentence enhancement under the Armed Career Criminal Act (18 U.S.C.A. § 924(e)).

The appeals waiver in Petitioner's plea agreement is clearly applicable to his claims. He must therefore show that enforcing the agreement would result in a miscarriage of justice or that he entered into the agreement unknowingly.

### 2. *Miscarriage of Justice*

Petitioner next argues that refusing to entertain his petition would result in a miscarriage of justice. However, the Seventh Circuit in *Hawkins v. United States* already determined that an error calculating a guidelines range does not amount to a miscarriage of justice for purposes of habeas relief due to the advisory nature of the sentencing guidelines. 706 F.3d 820, 824-25 (7th Cir.

2013). Petitioner's argument is therefore meritless.

### 3. *Knowing and Voluntary Plea Agreement*

Finally, Petitioner contends he did not enter into the plea agreement knowingly. An appeal waiver is valid only if it was entered into knowingly and voluntarily. *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997). Petitioner argues he did not enter into the waiver knowingly because the District Court and the parties could not anticipate the ruling in *Mathis*. The Seventh Circuit has "consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009). The Seventh Circuit views plea agreements through the lens of contract law, albeit with certain Constitutional considerations. *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). In a contract, and equally in a plea agreement, a person binds himself to do something in exchange for some benefit, and assumes the risk of future changes in circumstances. *Id.* Accordingly, the fact that Petitioner, here, may have struck what turned out to be a bad bargain does not render his plea agreement invalid.

The record otherwise demonstrates the appeal waiver was made knowingly and voluntarily. The Court conducted a plea colloquy and ensured Petitioner understood the nature of his guilty plea and the consequences of entering into the plea agreement. Petitioner testified he could read, write, speak, and understand English; was thinking clearly; was not under the influence of medicines or drugs;

and had not been treated for mental problems within the previous six months. (Doc. 50, pp. 2-3, criminal case). The Court then addressed the plea agreement, and Petitioner assured he went over the document in detail with his attorney before signing it; understood the agreement; and had no further questions about it. *Id.* at pp. 6-11. Petitioner specifically stated, "I would rather take the 188 to 235 months than face 30 to life." *Id.* at p. 8. Finally, the Court went over the appeals waiver contained in the agreement and Petitioner demonstrated an understanding of what he was bargaining away. *Id.* at pp. 10-11.

In sum, the record demonstrates Petitioner entered into the plea agreement knowingly and voluntarily, and the appeals waiver withstands scrutiny.

## Conclusion

Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 11) is **GRANTED**.

Steven L. McCoy's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.12
13:54:07 -06'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).